UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA A. MITCHELL,
on behalf or herself and all others
in the State of Florida similarly situated,

       Plaintiffs,

v.                                         Case No. 8:17-cv-376-T-24AAS

PRECISION MOTOR CARS INC.,
d/b/a MERCEDES-BENZ OF TAMPA,

       Defendant.
_____/

## **ORDER**

       This cause comes before the Court on Plaintiff's Motion for Summary Judgment.  (Doc. No. 50).  Because the Court finds that the motion must be denied, it denies the motion without requiring Defendant to file a response.

       In her motion, Plaintiff basically re-asserts the arguments that she made in opposition to Defendant's motion to compel arbitration.  In the instant motion, she focus on Gagnon v. Experian Information Solutions, Inc., 2014 WL 5336490 (M.D. Fla. Oct. 20, 2014), a case that the Court brought to the parties' attention.  (Doc. No. 13).  The Court has considered Gagnon and found it not to be persuasive as to the issue before the Court, especially given the later-decided Eleventh Circuit case of Bazemore v. Jefferson Capital Systems, 827 F.3d 1325 (11th Cir. 2016).  In Bazemore, the court stated that when there is a genuine dispute of material fact regarding whether the parties entered into an arbitration agreement, summary judgment is not warranted.  See id. at 1333.

       The Court is not persuaded by the Gagnon court's conclusion that the proposed pattern and practice evidence was not sufficient, because in the instant case, it is undisputed that

Plaintiff signed a credit application; the parties simply dispute whether the credit application contained an arbitration agreement.  In the instant case, Defendant contends that it cannot locate the original copy of the credit application containing the arbitration agreement that Plaintiff signed, but it has produced a copy of a blank version of the form.  The court in <u>Gagnon</u> looked to Florida Statute § 90.954(1) to determine the admissibility of a copy of the purported arbitration agreement.  Section 90.954(1) provides that a copy is admissible when "[a]ll originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith."  As there has been no evidence that Defendant lost or destroyed in bad faith the credit agreement that Plaintiff signed, the affidavit of Larry Pfingsten attaching a blank copy of the credit application that Plaintiff purportedly signed is sufficient evidence to create a genuine issue of material fact.

Furthermore, the Court rejects Plaintiff's argument that Larry Pfingsten's affidavit was not made with personal knowledge, given that he states within the affidavit the following: (1) he was the salesperson who assisted Plaintiff on December 9, 2016; (2) Plaintiff filled out and signed a credit application identical to the one attached to his affidavit; and (3) while Defendant cannot locate the credit application that Plaintiff signed, the form attached to his affidavit was the only credit application Defendant used for customers to fill out and sign on December 9, 2016.  (Doc. No. 5).  Thus, a genuine issue of material fact exists regarding whether the parties entered into an arbitration agreement, and that issue must be tried before a jury.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (Doc. No. 50) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of July, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record