UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA A. MITCHELL,
on behalf or herself and all others
in the State of Florida similarly situated,

       Plaintiffs,

v.                                                                                          Case No. 8:17-cv-376-T-24AAS

PRECISION MOTOR CARS INC.,
d/b/a MERCEDES-BENZ OF TAMPA,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration. (Doc. No. 57). Because the Court finds that the motion must be denied, it denies the motion without requiring Defendant to file a response.

In her motion, Plaintiff basically re-asserts the arguments that she made in her motion for summary judgment (Doc. No. 50), which this Court denied (Doc. No. 52). Plaintiff asks the Court to reconsider that order denying her motion for summary judgment.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Plaintiff argues that her motion is based on the need to correct clear error or to prevent manifest injustice. As explained below, the Court rejects this argument and finds that reconsideration is not warranted.

In the instant motion, Plaintiff once again focuses on Gagnon v. Experian Information

Solutions, Inc., 2014 WL 5336490 (M.D. Fla. Oct. 20, 2014), a case that the Court brought to the

parties' attention. (Doc. No. 13). Plaintiff complains that she never had an opportunity to

address this case after the Court brought the case to the parties' attention in connection with

Defendant's motion to compel arbitration. However, the Gagnon case was decided on October

20, 2014—over two years prior to Defendant's motion to compel arbitration. Plaintiff should

have discovered the Gagnon case in connection with her research for responding to Defendant's

motion to compel arbitration, especially given Plaintiff's refrain that Gagnon is "factually

indistinguishable" from the instant case. (Doc. No. 57, p. 2).

Again, the Court concludes that Gagnon is not persuasive as to the issue before the Court,

especially given the later-decided Eleventh Circuit case of Bazemore v. Jefferson Capital

Systems, 827 F.3d 1325 (11th Cir. 2016). In Bazemore, the court stated that when there is a

genuine dispute of material fact regarding whether the parties entered into an arbitration

agreement, summary judgment is not warranted. See id. at 1333.

Plaintiff, however, argues that Defendant cannot put forth any evidence of a purported

arbitration agreement in order to create a genuine issue of material fact, because Defendant has

not met its burden of providing a satisfactory explanation as to the loss or destruction of the

credit application purportedly containing the arbitration agreement. The Court again rejects this

argument, because Plaintiff fails to acknowledge the plain text of the rules of admissibility to

which she is referring. Specifically, Florida Statute § 90.954(1) provides that "[t]he original of a

writing . . . is not required . . . and other evidence of its contents is admissible when . . . [a]ll

originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith." Federal

Rule of Evidence 1004(a) essentially provides the same thing. Furthermore, the notes to Federal

Rule of Evidence 1004(a) provides:

> [I]f failure to produce the original is satisfactorily explained, secondary evidence is admissible. . . . Loss or destruction of the original, unless due to bad faith of the proponent, is a satisfactory explanation of nonproduction.

FRE 1004(a), Advisory Committee Notes.  Likewise, the notes to Florida Statute § 90.954(1)

provide:

> When the original is lost or destroyed and there is no bad faith shown by the proponent, including his authorization or causation of loss or destruction by a third party, such loss or destruction is a satisfactory explanation for the nonproduction. If the destruction was not fraudulent, other evidence is admissible.

Fla. Stat. § 90.954, Notes.

Defendant has offered evidence that it cannot locate the credit application that

purportedly contains the arbitration agreement at issue.  Thus, Defendant contends, and the Court

has accepted, that Defendant has lost the credit application containing the arbitration agreement

and did not lose it in bad faith.  As such, Defendant may introduce into evidence a copy of the

credit application purportedly containing the arbitration agreement.  It is for a jury to determine

whether they believe Plaintiff or Defendant regarding the inclusion of an arbitration agreement

within the credit application.

The rest of the arguments contained within the instant motion are simply attempts to

refute the Court's decision.  The Court rejects those arguments without further discussion.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for

Reconsideration (Doc. No. 57) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

3