UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA A. MITCHELL,
on behalf or herself and all others
in the State of Florida similarly situated,

    Plaintiffs,

v.    Case No. 8:17-cv-376-T-24AAS

PRECISION MOTOR CARS INC.,
d/b/a MERCEDES-BENZ OF TAMPA,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion in Limine. (Doc. No. 64). Plaintiff has not filed a response in opposition, and as such, the Court deems the motion to be unopposed. Accordingly, a explained below, the motion is granted.

## I. Background

In Plaintiff's amended complaint, she asserts two claims against Defendant: (1) an Equal Credit Opportunity Act claim, and (2) a Fair Credit Reporting Act claim. (Doc. No. 35). In response, Defendant has moved to compel arbitration. However, according to Defendant, it has lost the credit application that Plaintiff signed on December 9, 2016 that purportedly contained the arbitration agreement between the parties. As a result, the Court has scheduled a jury trial to decide the issue of whether an arbitration agreement exists between the parties.

## II. Motion in Limine

Defendant has filed a motion in limine, in which it asks the Court to limit Plaintiff in five areas. As the motion is unopposed, the Court grants each of the following requested limitations:

(1) First, Defendant asks the Court to preclude Plaintiff from either: (a) asserting at trial that Defendant has not met its burden of providing a satisfactory explanation as to the loss of the credit application at issue in this case; or (b) suggesting at trial that Defendant is culpable for failing to retain or locate the credit application.

(2) Second, Defendant asks the Court to preclude Plaintiff from asserting at trial that Defendant has the burden of proving all elements of contract formation. Instead, Defendant contends that all it has to prove is that the credit application that Plaintiff signed contained an agreement to arbitrate.

(3) Third, Defendant asks the Court to preclude Plaintiff from referencing and/or seeking to admit into evidence Defendant's online credit application and/or any other type of credit application that the dealership uses <u>after</u> a customer has first filled out a credit application at the dealership.

(4) Fourth, Defendant asks the Court to preclude Plaintiff from arguing that Defendant is relying <u>solely</u> on pattern and practice evidence to show that Plaintiff signed the credit application that contained an arbitration agreement. Defendant contends that it is also relying on its corporate policy that the dealership was required to utilize the credit application that contained an arbitration agreement. Defendant argues that this distinction is important, because a pattern and practice argument implies that Defendant uses other types of credit applications also, but it had a pattern and practice of using the one that Defendant contends was used with Plaintiff. Instead, Defendant argues that corporate policy required that the only credit application that Defendant was allowed to use was the one that Defendant contends was used with Plaintiff.

(5) Fifth, Defendant asks the Court to preclude Plaintiff from implying that Defendant is required to explain: (a) why the credit application is missing; (b) whether Defendant complied with federal and/or state retention requirements; and (c) the steps it took to locate the missing credit application. Instead, Defendant argues that the focus of this trial is on the sole issue of whether the credit application that Plaintiff signed contained an arbitration agreement.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion in Limine (Doc. No. 64) is granted as set forth above.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of October, 2017.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge